IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRANDON MARQUIS PUGH,            :

    Petitioner,              :

v.                               :        CIVIL ACTION 13-0360-KD-M

KENNETH SCOUNGERS,               :

    Respondent.              :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing Section 2254 Cases. No evidentiary hearing is required. It is recommended that this petition be denied and that this action be dismissed so that Petitioner can exhaust his State remedies.[1] It is further recommended that judgment be entered in favor of Respondent Kenneth Scoungers and against Petitioner Brandon Marquis Pugh. Finally, it is recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of second-degree rape in the

Circuit Court of Mobile County on August 15, 2007 (Doc. 5; *cf.* Doc. 19, pp. 1-2). Petitioner received a sentence of twenty years in the State penitentiary, split, with five years to be served initially, followed by five years probation (*id.*). Pugh did not appeal that conviction or sentence (*see* Doc. 19, p. 2).

Petitioner was released from prison to probation on January 1, 2012 (*see* Doc. 19, p. 2). Six weeks later, he was arrested for second-degree rape and second-degree sexual abuse (*see* Doc. 19, Exhibit 3A, pp. 13-15). Pugh's probation was revoked on September 26, 2012 (*see* Doc. 19, Exhibit 3A, p. 6). Petitioner appealed his probation revocation (Doc. 19, Exhibits 4, 6) but it was affirmed by the Alabama Court of Criminal Appeals on April 26, 2013 (Doc. 19, Exhibit 7). Pugh's application for rehearing was overruled on May 31, 2013 (Doc. 19, Exhibit 9); his petition for *certiorari* was denied on August 16, 2013 (Doc. 19, Exhibit 11). A certificate of judgment was entered that same day (Doc. 19, Exhibit 12).

Petitioner filed a petition for habeas corpus on June 27, 2013, raising several different claims of insufficiency of the evidence to support his probation revocation (Docs. 1, 5).

On December 10, 2013, "Pugh's appeal of the denial of his

---

[1]Petitioner has also filed a Motion for Discovery (Doc. 24). This Motion is **DENIED**.

*Petition for Technical Probation Violator Resentencing* was resubmitted in the Alabama Court of Criminal Appeals" (*see* Doc. 19, Exhibits 15, 16, and 17). Respondent has asserted that the appeal is still pending and that this action cannot proceed because Pugh has unexhausted claims raised in this Court that are still pending in the State courts (*see* Doc. 19, pp. 7, 12-14).

The Court gave Petitioner an opportunity to provide a reply to Respondent's assertion that this action should be dismissed (Doc. 20). Though a reply was filed (Doc. 26), the Court finds that Pugh did not address the issue.

This Court finds that Petitioner has failed to exhaust his state remedies with regard to these claims. Under federal statutory law, this Court cannot grant a petition for habeas corpus under § 2254 if the Petitioner has not exhausted his claims in the State courts. 28 U.S.C. § 2254(b)(1)(A). As such, this Court cannot rule on Pugh's petition. *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005); s*ee also Rose v. Lundy*, 455 U.S. 509, 518 (1982).

Therefore, it is recommended that this petition be denied and that this action be dismissed so that Petitioner can exhaust his state remedies. It is further recommended that judgment be entered in favor of Respondent Kenneth Scoungers and against

Petitioner Brandon Marquis Pugh.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Pugh has not exhausted his available State court remedies, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not

4

conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied and that this action be dismissed.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates

by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 3rd day of February, 2014.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE